[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

----------------------------------------

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
June 20, 2006
THOMAS K. KAHN
CLERK

No. 06-10042
Non-Argument Calendar

----------------------------------------

D.C. Docket  No. 05-00138-CR-002


UNITED STATES OF AMERICA,

Plaintiff-Appellee,


versus


JEREMY DEWAYNE NIEWALD,

Defendant-Appellant.


----------------------------------------------------------------
Appeal from the United States District Court
for the Southern District of Alabama
----------------------------------------------------------------
**(June 20, 2006)**


Before EDMONDSON, Chief Judge, ANDERSON and BIRCH, Circuit Judges.

PER CURIAM:

Defendant-Appellant Jeremy Dewayne Niewald appeals the five-month prison sentence imposed upon his conviction for mail theft, in violation of 18 U.S.C. § 1708, after he pled guilty without a plea agreement. No reversible error has been shown; we affirm.

Defendant challenges the district court's application of a six-level enhancement under U.S.S.G. 2B1.1(b)(2)(C) upon the court's finding by a preponderance of the evidence that his criminal activity involved 250 or more victims. Defendant asserts a two-part challenge: he first argues that a beyond-a-reasonable-doubt standard of proof should have applied to contested facts used to support an increase in the sentence imposed; he next argues that the record is wanting to satisfy even a preponderance of the evidence standard. We see no merit in these challenges.

About the standard of proof applicable to a U.S.S.G. § 2B1.1(b)(2)(C) enhancement, Defendant argues that post-Booker, United States v. Booker, 125 S.Ct. 738 (2005), the government's burden is beyond a reasonable doubt.[1] According to Defendant, the beyond-a-reasonable-doubt standard derives from the Constitution; and Defendant also contends that, under the doctrine of

---

[1]Defendant's constitutional argument rests on the Sixth Amendment cases that culminated in Booker, considered in the light of the Fifth Amendment Due Process right to proof beyond a reasonable doubt as recognized in In re Winship, 90 S.Ct. 1068, 1071-73 (1970).

"constitutional avoidance," this Court should avoid the difficult constitutional issue of whether the reasonable doubt standard is constitutionally mandated and apply that standard as a matter of statutory construction or judicial discretion.

Our post-Booker cases reflect no change to the standard of proof applicable to sentencing enhancements. Provided the district court applies the guidelines as advisory, nothing in Booker restricts the sentencing court from making factual findings under a preponderance-of-the-evidence standard. See United States v. Ndiaye, 434 F.3d 1270, 1300 (11th Cir. 2006) ("when a defendant challenges a factual basis of his sentence, the government has the burden of establishing the disputed fact by a preponderance of the evidence"); United States v. Chau, 426 F.3d 1318, 1323-24 (11th Cir. 2005) (affirming sentence based on judicial findings of fact by a preponderance of the evidence standard because the guidelines were applied in an advisory way), United States v. Rodriguez, 398 F.3d 1291, 1296 (11th Cir.), cert. denied, 125 S.Ct. 2935 (2005) (for purposes of guideline sentence calculation, government bears burden of establishing disputed fact by preponderance of the evidence).

Defendant also maintains that the government failed to show by a preponderance of the evidence that his offense activity involved 250 or more victims. The sentencing guidelines provide a six-level increase when the mail

theft offense involves 250 or more victims.  U.S.S.G. § 2B.1.1(b)(2)(C) and the

commentary to § 2B1.1 define victim to include "any person who was the intended

recipient, or addressee, of the undelivered United States mail."  U.S.S.G. § 2B1.1,

comment. n.4(C)(i).

The guidelines also provide a "special rule" creating a presumption

applicable to the determination of the number of victims of undelivered mail:

> A housing unit cluster box or any similar receptacle that contains
> multiple mailboxes, whether such receptacle is owned by the United
> States Postal Service or otherwise owned, shall, unless proven
> otherwise, be presumed to have involved the number of victims
> corresponding to the number of mailboxes in each cluster box or
> similar receptacle.

U.S.S.G. § 2B1.1, comment n.4(C)(ii)(II).  Applying the presumption, the district

court determined that 250 mailboxes was but a very small portion of the total

number of mailboxes accessed by Defendant and his co-defendants.[2]  Defendant

complains that the postal inspector was unable to confirm that the number of

victims was necessarily equal to the number of mailboxes; indeed, the postal

inspector said specifically that he had no way of knowing from which mailboxes

mail was stolen.  And Defendant argues further that the complaints received --

under 50 from apartment complex residents and about 100 from rural residents of

---

[2]The district court considered the threshold number of 250 to be "just barely five percent of the four thousand apartment boxes that were broken into."

west Mobile -- were not investigated fully to determine whether the complainant was a "victim," and, in any event, the number of complaints fell far short of 250.

The special rule for victim enhancement for offenses involving United States mail was created because of

> (i) the unique proof problems often attendant to such offenses, (ii) the frequently significant, but difficult to quantify, non-monetary losses in such offenses, and (iii) the importance of maintaining the integrity of the United States mail.

U.S.S.G. app. C, Amendment 617. Defendant's protestations to the contrary notwithstanding, reference to the postal inspector's testimony provides no rebuttal of the presumption set out in the special rule. The testimony underscores the need for the special rule. The mail theft offense often eludes precise quantification.

No reversible error has been shown in the application of the six-level sentencing enhancement under U.S.S.G. 2B1.1(b)(2)(C).

AFFIRMED.